## Kelly et al. v. International Clay Products Company.

*Corporations—Foreign corporations — Service of process — Dissolution—Act of June 8, 1911.*

1. In a suit against a foreign corporation, service of process on the Secretary of the Commonwealth, in pursuance of the Act of June 8, 1911, P. L. 710, will not be set aside where it appears that the corporation had accepted the provisions of the act, and that when suit was brought it had outstanding liabilities in Pennsylvania.

2. The fact that such corporation had been dissolved in the state of its origin is immaterial.

Rule to set aside service of writ. C. P. No. 5, Phila. Co., June T., 1925, No. 7363.

*E. B. Breeding* and *T. W. Montgomery*, for plaintiffs.

*A. L. Worrall*, attorney de bene esse, for defendant.

PER CURIAM, Aug. 9, 1927.—Plaintiffs issued a writ of summons against defendant, a foreign corporation. The sheriff's return was: "Served the

International Clay Products Co., the within named defendant company, by handing on July 9, 1925, at 812 Crozer Building, in the City and County of Philadelphia, State of Pennsylvania, the place of business of Wm. M. Hendrickson, the secretary and director of the said defendant company, a true and attested copy of the within writ to Sarah Shearer, the person for the time being in charge thereof, being unable to ascertain the residence of any of the officers of the said defendant company within the county upon inquiry at said place of business."

The Sheriff of Dauphin County was deputized by the Sheriff of Philadelphia County for the purpose of making a service on defendant, and endorsed on the back of the writ: "And now, July 11, 1925, at 9.25 o'clock A. M., served within summons in *assumpsit* on International Clay Products Co. by leaving a true and attested copy thereof in duplicate, in the office of the Secretary of the Commonwealth of Pennsylvania, with C. R. Willets, clerk and party in charge, the lawful attorney, duly constituted by the said International Clay Products Co., upon whom all lawful process in any action, rule or legal proceeding against it may be served, and paying to him on behalf of the plaintiff at the time of service thereof the sum of $2.00 as required by law."

A petition was presented by the secretary and treasurer, director and trustee of the defendant company, averring that the defendant was incorporated under the laws of the State of Delaware on or about Nov. 11, 1920; that on or about March 7, 1923, the company filed a voluntary petition in bankruptcy in the United States District Court for the Eastern District of Pennsylvania, was adjudged a bankrupt on the same day, and a receiver and trustee were duly appointed in the bankruptcy proceeding, and on or about June 12, 1923, all the assets of the company were sold at public sale under order of the bankruptcy court, and subsequent to the date of the sale, to wit, July 12, 1923, the International Clay Products Company has maintained no offices in the State of Pennsylvania and conducted no business therein; that the company received its discharge in bankruptcy on Oct. 7, 1924; that the company filed a power of attorney in the office of the Secretary of State at Harrisburg, Pennsylvania, on or about Nov. 15, 1920, as required by the Act of June 8, 1911, P. L. 710, providing for the registration of foreign corporations doing business in the State of Pennsylvania; and that formal revocation of said registration was filed of record in the office of the Secretary of the State of Pennsylvania on or about July 31, 1923; and that the International Clay Products Company was duly dissolved in pursuance to the laws of the State of Delaware, and on May 29, 1925, the Secretary of the State of Delaware issued a certificate of dissolution of the corporation, which was recorded, as provided by the laws of the State of Delaware.

It is further averred in the petition that, subsequently to the date of dissolution and issuing of the certificate thereof, the present suit was instituted against defendant. The petition contains copies of the endorsements of service appearing on the back of the writ; and it is averred that neither on the date the writ issued nor at any time thereafter did the defendant ever maintain an office at No. 812 Crozer Building, in the City of Philadelphia; and that the corporation was dissolved, in pursuance of the laws of the state of its organization, at the date the writ issued; and that the authority of the Secretary of the State of Pennsylvania to accept service of the writ had been revoked prior to the date when the writ was issued.

A rule was granted to show cause why the writ and service should not be set aside.

Kelly et al. *v.* International Clay Products Company.

An answer was filed by plaintiffs, averring that the corporation may be sued as long as there is an outstanding liability in Pennsylvania, regardless of whether or not a revocation or registration has been recorded, and that filing a certificate of dissolution did not dissolve the corporation for the purposes of being sued; that all Delaware corporations filing such certificates may sue or be sued for a period of three years thereafter, as provided in section 40 of the General Corporation Law of Delaware, which enacts that "all corporations, whether they expire by their own limitation or are otherwise dissolved, shall, nevertheless, be continued for the term of three years from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by and against them and enabling them gradually to settle and close their business."

The Act of June 8, 1911, § 2, P. L. 710, requires that every "foreign corporation, before doing any business in this Commonwealth, shall appoint, in writing, the Secretary of the Commonwealth and his successor in office to be its true and lawful attorney and authorized agent, upon whom all lawful processes in any action or proceeding against it may be served;" and enacts that "service of process on the Secretary of the Commonwealth shall be of the same legal force and validity as if served on it," and that "the authority for such service of process shall continue in force so long as any liability remains outstanding against it in the Commonwealth."

Defendant accepted the provision of this act, enjoyed the privilege of transacting business in the Commonwealth of Pennsylvania, and is bound by the condition upon which the privilege was granted.

A statement of claim has been filed, in which it is averred that there is a liability outstanding against the defendant. The service of the writ upon the Secretary of the Commonwealth was a legal service. Defendant is not entitled to have it set aside.

Rule discharged.